Joseph D. Steward, III (337385)
Kimmel & Silverman, P.C.
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
Telephone: 215-540-8888
Facsimile: 215-540-8817
teamkimmel@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORDAN WETZEL** | ) **Case No.: 2:21-cv-8419** |
| | ) |
| **Plaintiff,** | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| **v.** | ) **PROTECTION ACT, 47 U.S.C. §** |
| | ) **227, ET. SEQ.** |
| **LEADPOINT INC.** | ) |
| | ) |
| **Defendants.** | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| | ) |
| | ) |

# COMPLAINT

**Jordan Wetzel** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **LeadPoint, Inc.** (Defendant):

# INTRODUCTION

1.   Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      This Court has personal jurisdiction over Defendants as they regularly and systematically conduct business in the State of California.

4.      Defendant maintains its corporate headquarters within the Central District of California at 11801 Mississippi Ave., Suite 100, Los Angeles, California 90025.

5.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

6.      Plaintiff is a natural person residing in Sulphur, Louisiana.

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 11801 Mississippi Ave., Suite 100, Los Angeles, California 90025.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## **FACTUAL ALLEGATIONS**

11.     At all times relevant hereto, Plaintiff, Jordan Wetzel maintained a cell phone, the number for which is (985) XXX-0077.

12.     Plaintiff registered that cell phone number on the Federal Do Not Call Registry in or around February 9, 2018.

13.     Mr. Wetzel registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

14.     Defendant is a software and information technology services company for the lead generation industry.

15.     Defendant engages in telemarketing in order to solicit business for, *inter alia*, home mortgages.

16.     On or around April 23, 2021 Defendant began to place a series of solicitation calls and text messages to Plaintiff in order to sell Plaintiff a home mortgage.

17.     Defendant's telephone calls were not made for "emergency purposes."

18.     Mr. Wetzel did not consent to these communications from Defendant.

19.     Mr. Wetzel requested that the communications from Defendant cease after the first contact on April 23, 2021.

20.     That same day, Defendant sent a text message to Mr. Wetzel identifying themselves.

21.     Following Mr. Wetzel's request for the cessation of communication, Defendant placed a solicitation call on April 23, 2021 and a solicitation call on April 24, 2021.

22.     In total, Defendant placed two telephone calls and sent one text message without Plaintiff's permission.

23.     As a result of the persistence of the unwanted solicitation communications, Mr. Wetzel attempted to ascertain the identity of the company behind these unwanted communications.  Plaintiff asked a representative for the website address of the company the representative works for.

24.     After visiting the website, Plaintiff discovered that Defendant had been the party responsible for the communications that Plaintiff had received.

25.     As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been violated by Defendant.

26.     The foregoing acts and omissions were in violation of the TCPA.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(c)

27.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not

wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

29.    Defendants contacted Plaintiff despite the fact that Plaintiff has been registered on the Do Not Call Registry since as early as 2007 for one of her phone numbers.

30.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31.    The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jordan Wetzel** respectfully prays for judgment as follows:

a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(c);

b.    Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(c);

c.    Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

d.    Injunctive relief (as provided under 47 U.S.C. § 227(c); and

e.    Any other relief this Honorable Court deems appropriate.

1

2

Respectfully submitted,

3   Dated:                                    By: */s/ Joseph D. Steward, III*

4                                             Joseph D. Steward, III, Esq.

5                                             Kimmel & Silverman, P.C.
                                              1055 West 7th Street, 33rd Floor

6                                             Los Angeles, CA 90017

7                                             Phone: 215-540-8888
                                              Facsimile: 877-788-2864

8                                             Email: jsteward@creditlaw.com
                                              teamkimmel@creditlaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28